

**JAMES F. SCHNEIDER**
**U.S. BANKRUPTCY JUDGE**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| Joyce E. Buckley, | * | Case No. 16-17946-JS |
| Debtor. | * | Chapter 7 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## *MEMORANDUM OPINION OVERRULING TRUSTEE'S OBJECTION TO THE DEBTOR'S CLAIM OF EXEMPTION*

Before the Court is the Trustee's objection to the claim of exemption of real property by the Debtor.[1]  In sum, the objection will be overruled and the exemption will be allowed.  This opinion holds that (1) the Debtor's interest in marital property held by herself and her non-filing spouse came into the bankruptcy estate upon her filing of bankruptcy and would have remained property of the estate unless excluded from the estate by her exemption of it, *In re Ford*, 3 B.R. 559 (1980); (2) the postpetition death of the Debtor's non-filing spouse did not

---

[1]This is a core proceeding within the subject matter jurisdiction of the bankruptcy court to hear and determine pursuant to 28 U.S.C. § 157(b)(2)(B).  Venue is proper pursuant to 28 U.S.C §1409.

invalidate the exemption so as to permit the estate to recapture the asset, *Birney v. Smith (In re Birney)*, 200 F.3d 225, 228 (4th Cir. 1999); (3) because the exemption of entireties property by the Debtor against the claims of her sole creditors was effective as of the petition date the exemption survived the death of her non-filing co-tenant spouse.

## FINDINGS OF FACT

1.      On June 10, 2016, the Debtor, Joyce Buckley, filed an individual Chapter 7 bankruptcy case in this district.  Immediately prior to filing, the Debtor and her non-filing spouse held real property identified as 3611 Coronado Road, Windsor Mill, MD ("the Property"), as tenants by the entireties.  On Schedule C, the full value of the Property was exempted in the amount of $197,000, pursuant to 11 U.S.C. § 522(b)(3)(B), as to non-joint creditors.[2]

2.      On August 10, 2016, Joseph J. Bellinger, the Chapter 7 Trustee, filed an objection [P. 17] to the Debtor's exemption, based upon the death of her non-filing spouse on July 1, 2016.

3.      The Trustee contended that Mr. Buckley's postpetition death extinguished the  tenancy by the entireties and that the Debtor, who became sole

---

[2]Mr. and Mrs. Buckley owned the Property as tenants by the entireties, according to an assignment recorded among the Land Records of Baltimore County, Maryland, on November 20, 1987 (Trustee's Ex. A).

owner of the Property by reason of her widow's survivorship, may no longer claim the exemption.

4.  On July 26, 2016, the Trustee filed Notice of Need to File Proof of Claim Due to Recovery of Assets [P. 14], which resulted in the timely filing of six unsecured, non-priority claims solely against the Debtor in the total amount of $30,876.88, all of which represented unsecured credit card debt.  A seventh proof of claim (Claim No. 2) filed by the Internal Revenue Service in the amount of $3,229.30, was reduced to zero by amendment.[3]

**CONCLUSIONS OF LAW**

1.  State law determines a debtor's interest in property, *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).  "Maryland retains the estate of tenancy by the entirety in its traditional form."  *Beall v. Beall*, 291 Md. 224, 234, 434 A.2d 1015 (Md. 1981) (citing *Columbian Carbon Co. v. Kight*, 207 Md. 203, 114 A.2d 28 (Md. 1955)).  In the case of *In re Fischer*, 411 B.R. 247 (Bankr. D. Md. 2009), Judge Catliota of this Court presented the following succinct statement of the impact of the status of entireties-held property upon the rights of creditors in this state:

---

[3]The Supreme Court held in *United States v. Craft*, 535 U.S. 274, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002), that the entireties exemption did not preclude the Internal Revenue Service from attaching marital property to satisfy the tax debt of one spouse.  Because the IRS is not asserting a claim against Buckley, *Craft* is not applicable here.

> Under Maryland law, property held in a tenancy by the entirety is "exempt from process by creditors of an individual spouse." *Schlossberg v. Barney*, 380 F.3d 174, 178 (4th Cir.2004) (applying Maryland law). In addition, the usufruct, issues, rents, and profits of entireties property are also exempt from process by creditors of an individual spouse. *Annapolis Banking & Trust Co.[v. Smith]*, 164 A. [157,] 159 [(Md. 1933)]. However, entireties property is subject to the claims of a joint creditor of both husband and wife. *See Cruickshank–Wallace*, 165 Md. App. [300,] 312, n. 12, 885 A.2d 403 [(Md. 2005)] (citing *In re Carroll*, 237 B.R. 872, 874 (Bankr. D. Md. 1999); *see also Sumy v. Schlossberg*, 777 F.2d 921, 925 (4th Cir. 1985) (under Maryland law, entireties property can be used to satisfy joint obligations of husband and wife)).

411 B.R. at 259-60.

2.  The Bankruptcy Code determines what constitutes property of the estate and the rights of creditors relative to it. The Code provides that "the commencement of a case under section 301, 302, or 303 of this title creates an estate . . . comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). Thus, property of the estate is determined as of the petition date unless the Code provides otherwise as to after-acquired property.

3.  Pursuant to 11 U.S.C. § 522, Maryland has opted out of the federal exemptions provided therein, in favor of the exemptions provided in Md. Code Ann. Cts. & Jud. Proc. § 11-504. However, § 522(b)(3)(B), permits debtors to exempt property held by the entireties "**immediately before the commencement of the case** . . . ." *Id*. (emphasis added).

4

4.  The exemption of entireties property by a debtor against the claims of her sole creditors survives the death of the non-filing spouse.  This is because the rights of sole creditors against property held by the debtor by the entireties are fixed as of the petition date and the Bankruptcy Code does not provide for those rights to expand or contract upon the postpetition death of the non-filing spouse. *Ford*, 3 B.R. at 569-70.

5.  The Trustee relies first upon *In re Ballard*, 65 F.3d 367 (4th Cir. 1995). The instant case can be distinguished from *Ballard*, where the debtors owned the property by the entireties but failed to exempt it.  The present discussion necessarily addresses issues different from those considered in *Ballard*, namely, the fundamental question of the effect of the death of a non-filing spouse upon the entireties exemption itself.  While the Trustee summarized accurately the reasoning in *Ballard*, the decision is not controlling on the issue of the effect of the severance of a tenancy by the entireties when an exemption was proper when claimed.

6.  The Trustee also relies on *In re Cordova*, 73 F.3d 38 (4th Cir. 1996), in which the tenancy by the entireties was severed by the debtor's postpetition divorce.  As the Trustee candidly acknowledged, the decision in *Cordova* rested upon 11 U.S.C. § 541(a)(5), one of the so-called recapture provisions of § 541, and not upon the severance of the tenancy.

5

7.  Finally, in *In re Birney*, 200 F.3d 225 (4th Cir. 1999), a case more in line with the facts of the instant case, the Fourth Circuit held that despite the termination for the basis of an exemption of entireties property post-petition, namely the death of a debtor's spouse, there "must also be some applicable statutory mechanism by which the estate 'captures' the post-petition property." *Id*. at 228.  Such a provision does not exist.  In fact, in *Birney*, the Fourth Circuit concluded that none of the existing recapture provisions applied when the tenancy by the entireties was severed postpetition by the decease of a non-debtor spouse.

8.  In the Trustee's scenario, a debtor who is the survivor of a non-filing spouse potentially suffers the disastrous trifecta of filing bankruptcy, losing her spouse and losing her home to satisfy the claims of creditors that were inchoate before the husband's death.  The effect of the Trustee's position is to accord unsecured, non-priority creditors holding claims against the Debtor the rights they would have as prepetition lienors against the marital property owned by both spouses, as if the exemption were never taken.  In effect, this would allow these creditors to convert their unsecured claims to judgment liens in violation of the automatic stay, a result forbidden by the Code.  Furthermore, the Code is silent as to the disposition of tenancy by the entireties property upon the postpetition death of a non-filing spouse.  Therefore, the Trustee's objection must be overruled.

   ***ORDER ACCORDINGLY.***

6

cc:    Robert M. Stahl, IV, Esquire
        1142 York Road
        Lutherville, MD 21093
        Counsel to the Debtor

        Joseph J. Bellinger, Esquire
        Offit Kurman
        300 E. Lombard Street
        Suite 2010
        Baltimore, MD 21202
        Chapter 7 Trustee

        Mrs. Joyce E. Buckley
        3611 Coronado Road
        Windsor Mill, MD 21244
        Debtor