IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPH J. BELLINGER, | * | |
| Appellant, | * | |
| v. | * | CIVIL NO. JKB-17-0068 |
| JOYCE E. BUCKLEY, | * | |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

This is an appeal from the United States Bankruptcy Court for the District of Maryland. The appeal has been briefed (ECF Nos. 5 & 6), and no oral argument is necessary, Local Rule 105.6 (D. Md. 2016). For the reasons stated below, the decision of the bankruptcy court is affirmed.

*I. Procedural History*

On June 10, 2016, Appellee Joyce Buckley filed a Chapter 7 voluntary petition (the "Petition") in the Bankruptcy Court for the District of Maryland. *In re Buckley*, No. 16-17946 (Bankr. D. Md.), ECF No. 1. Immediately before filing the Petition, Appellee held an interest in real property located at 3611 Coronado Road, Windsor Mill, Maryland, 21244 (the "Property"), with her husband as tenants by the entireties. In the Petition, Appellee claimed as exempt her entire interest in the Property as to nonjoint creditors only, pursuant to 11 U.S.C. § 522(b)(3)(B), which allows a debtor to exempt from her bankruptcy estate "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety . . . to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(3)(B). By July 26, 2016, the deadline set by the trustee

for filing claims, six unsecured, nonpriority claims, totaling $30,876.88, had been filed solely against Appellee (i.e., there were no joint creditors).

Less than one month after Appellee filed the Petition, her husband died. Appellant Joseph Bellinger, the trustee in the bankruptcy proceeding, subsequently filed an objection to Appellee's exemption, arguing that the death of Appellee's spouse had extinguished the tenancy by the entireties, as well as the corresponding exemption, and that sole ownership of the property had reverted to the bankruptcy estate. No. 16-17946 ECF No. 17. On September 6, 2016, Appellee filed a response. *Id.* ECF No. 20. Following a hearing, the bankruptcy court rejected the trustee's objection and entered an Order and Memorandum Overruling Trustee's Objection to the Debtor's Claim of Exemption. *Id.* ECF Nos. 26 & 27. On January 10, 2017, the trustee filed the instant appeal.

The Court preliminarily notes that the bankruptcy court's order addressed only Appellee's entitlement to an exemption following the death of her spouse. That said, the inescapable consequence of its conclusion that Appellee's exemption survived the death of her spouse is that her interest in the Property did not reenter the bankruptcy estate. In other words, Appellee's entitlement to the exemption is relevant only because of its impact on the ultimate issue in dispute between the parties: whether Appellee's interest in the Property is part of the bankruptcy estate. Indeed, Appellant argued as much in his objection to the exemption, the bankruptcy court addressed this issue in its memorandum accompanying the order, and Appellant appeals from both the order and the memorandum, (ECF No. 1). Moreover, both parties have fully briefed the issue of the bankruptcy estate's entitlement to Appellee's interest in the Property. Thus, the Court reaches this ultimate issue to affirm the decision, despite finding

that the bankruptcy court erred in concluding that the exemption survived the death of Appellee's spouse.

## II. Standard of Review

In an appeal from the bankruptcy court, this Court reviews factual findings for clear error and conclusions of law *de novo*. *Gold v. First Tenn. Bank Nat'l Ass'n (In re Taneja)*, 743 F.3d 423, 429 (4th Cir. 2014). The bankruptcy court's order and memorandum overruling the trustee's objection rested solely on legal conclusions, therefore, this Court will review the decision *de novo*. "Moreover, the decision of a bankruptcy court 'must be affirmed if the result is correct' even if the lower court relied upon 'a wrong ground or gave a wrong reason.'" *Okoro v. Wells Fargo Bank, N.A.*, 567 B.R. 267, 271 (D. Md. 2017) (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943)). Thus, this Court may "affirm the bankruptcy court on any ground supported by the record." *LeCann v. Cobham (In re Cobham)*, 551 B.R. 181, 189 (E.D.N.C.), *aff'd*, 669 F. App'x 171 (4th Cir. 2016), *reh'g denied* (Nov. 29, 2016).

## III. Question Presented

The sole issue on appeal is whether the bankruptcy court erred in concluding that Appellee's interest in the Property did not reenter her bankruptcy estate following the death of her husband.[1]

## IV. Analysis

The bankruptcy court held that Appellee's claimed exemption pursuant to 11 U.S.C. § 522(b)(3)(B) survived the postpetition death of her spouse, and therefore her interest in the

---

[1] Neither party has raised any doubts about this Court's jurisdiction to hear the instant appeal. District courts "have jurisdiction to hear appeals from final judgments, orders, and decrees . . . and with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a) (formatting altered). The Court agrees that jurisdiction is proper. *See Sumy v. Schlossberg*, 777 F.2d 921, 923 (4th Cir. 1985) ("Grant or denial of a claimed exemption is a final appealable order from a bankruptcy proceeding.").

3

Property is not part of her bankruptcy estate. Appellant contends that this holding is at odds with controlling Fourth Circuit precedent. More specifically, Appellant argues that when a tenancy by the entirety interest in property is extinguished postpetition (e.g., due to divorce or the death of one spouse), a § 522(b)(3)(B) exemption based on that interest also is extinguished. The Court agrees with this initial proposition. To the extent that the bankruptcy court's decision relied on a contrary holding, it was erroneous. The Court's analysis does not end here, however.

Under controlling Fourth Circuit precedent, Appellee acquired a new "interest" in property—as that term is used in 11 U.S.C. § 541(a)—when her tenancy by the entirety was extinguished. *Cordova v. Mayer (In re Cordova)*, 73 F.3d 38, 42–43 (4th Cir. 1996). That postpetition interest must be captured by the bankruptcy estate pursuant to some statutory mechanism. Appellant suggests that Appellee's interest in the Property reentered the bankruptcy estate postpetition, either by operation of Maryland law or via § 541(a)(1) of the Bankruptcy Code. Both of these contentions are meritless. While state law determines the "particular features" of a debtor's interest in property, federal law "defines the property interests included in the bankruptcy estate." *Fairfield v. United States (In re Ballard)*, 65 F.3d 367, 371 (4th Cir. 1995). In other words, state law determines the existence (including the nature and scope) of a debtor's interest in property, but no more. *In re Greer*, 242 B.R. 389, 394 (Bankr. N.D. Ohio 1999) (citing *Butner v. United States*, 440 U.S. 48, 54–55 (1979)). Here, it is undisputed that Appellee held a fee simple interest as a tenant by the entirety in the Property under Maryland law, but the Court must look to federal law to determine whether that interest is part of her bankruptcy estate. It is here that Appellant's second argument fails: § 541(a)(1) applies only to a debtor's interest in property "as of the commencement of the case." 11 U.S.C. § 541(a)(1). An interest in property acquired postpetition, on the other hand, is generally not part of the

bankruptcy estate in a Chapter 7 case. Moreover, none of the narrow exceptions to this general rule apply here. Thus, Appellee's interest in the Property, which she acquired after the commencement of her case, is not part of her bankruptcy estate. Accordingly, the decision of the bankruptcy court is affirmed.

### A. Appellee's Entireties Interest Was Exempted From Her Bankruptcy Estate

A debtor's filing of a Chapter 7 petition creates a bankruptcy estate "comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a); *Bunker v. Peyton (In re Bunker)*, 312 F.3d 145, 150 (4th Cir. 2002). "Section 541 includes in the bankruptcy estate a debtor's interest in entireties property" held at the commencement of the case. *In re Cordova*, 73 F.3d at 40; *accord In re Bunker*, 312 F.3d at 150.

After a bankruptcy estate is created, a debtor may exempt certain property from the estate. *See* 11 U.S.C. § 522(b) (allowing debtor to claim exemptions provided by state or federal law). The bankruptcy trustee, as well as creditors, may file objections to a debtor's claimed exemptions. *See* Fed. R. Bankr. P. 4003(b). Unless a party objects "within 30 days after the meeting of creditors held under § 341(a) is concluded," Fed. R. Bankr. P. 4003(b)(1), "the property claimed as exempt . . . *is exempt*." 11 U.S.C. § 522(l) (emphasis added); *see Taylor v. Freeland & Kronz*, 503 U.S. 638, 642 (1992). Exempted property is not property of the bankruptcy estate, and therefore it is not available to satisfy the debtor's obligations. *In re Bunker*, 312 F.3d at 151; *see also* 11 U.S.C. § 522(c) (absent special circumstances, exempted property "is not liable during or after the case for any debt of the debtor that arose . . . before the commencement of the case"). Rather, "[i]t is widely accepted that property deemed exempt from a debtor's bankruptcy estate *revests in the debtor*." *In re Smith*, 235 F.3d 472, 478 (9th Cir. 2000) (emphasis added); *see Owen v. Owen*, 500 U.S. 305, 308 (1991) (noting that an exempted

5

interest in property is "withdrawn from the estate (and hence from the creditors) for the benefit of the debtor").

Generally, a debtor may elect one of two alternative schemes of exemption: (1) the debtor may claim the specific federal exemptions listed in § 522(d), or (2) the debtor may claim "the exemptions permitted under (i) state law, (ii) general (nonbankruptcy) federal law, and (iii) § 522(b)([3])(B)," *In re Bunker*, 312 F.3d at 151. *See* 11 U.S.C. § 522(b)(1)–(3). States, however, may opt out of the specific federal exemptions provided in the first alternative. 11 U.S.C. § 522(b)(2); *see, e.g.*, *Schlossberg v. Barney*, 380 F.3d 174, 178 (4th Cir. 2004). Maryland, like most states, has opted out of the specific federal exemptions, thereby restricting its debtor citizens like Appellee to the second alternative. Md. Code Ann., Courts and Judicial Proceedings § 11–504(g); *Schlossberg*, 380 F.3d at 178. Therefore, a debtor in Maryland may claim exemptions provided under state law, federal nonbankruptcy law, and the specific exemption provided in § 522(b)(3)(B). This last exemption is at issue here. It allows a debtor to exempt an interest in property as a tenant by the entirety "which the debtor had, immediately before the commencement of the case, . . . to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(3)(B). Put differently, a debtor who holds an interest as a tenant by the entirety immediately before filing for bankruptcy, may exempt that interest from her bankruptcy estate, but only to the extent that interest could not be reached by creditors pursuant to state law (i.e., the relevant "applicable nonbankruptcy law"). "Under Maryland law, a debtor's individual creditors cannot 'levy upon nor sell a debtor's undivided interest in entireties property to satisfy debts owed solely by the debtor.'" *In re Conrad*, 544 B.R. 568, 571 (Bankr. D. Md.) (quoting *In re Bell–Breslin*, 283 B.R. 834, 837 (Bankr. D. Md. 2002)), *aff'd sub nom. Conrad v. Schlossberg*, 555 B.R. 514 (D. Md. 2016); *see*

6

*also Sumy v. Schlossberg*, 777 F.2d 921, 924–25 (4th Cir. 1985) ("In Maryland, as in the typical entireties state, creditors of only one spouse may not reach the entireties property for satisfaction of their claims." (citing *State v. Friedman*, 393 A.2d 1356, 1359 (Md. 1978)).

Although Appellant apparently concedes that Appellee's interest in the Property was exempted, he suggests—without support—that the bankruptcy estate retained Appellee's right of survivorship. He is incorrect. Here, Appellee claimed as exempt her entireties interest in the Property. Neither the Trustee nor any creditor objected within the required timeframe; therefore, her interest in the property was exempted from her bankruptcy estate. Accordingly, her entire interest in the Property—including the right of survivorship—revested in her. *See, e.g.*, *Owen*, 500 U.S. at 308; *In re Ford*, 3 B.R. 559, 570–75 (Bankr. D. Md. 1980) (explaining that debtor's *entire, undivided* interest in entireties property—including right of survivorship—enters bankruptcy estate via § 541(a) upon filing of petition and likewise, when exempted, that *entire* interest exits bankruptcy estate and revests in debtor), *aff'd sub nom. Greenblatt v. Ford*, 638 F.2d 14 (4th Cir. 1981). In other words—and contrary to Appellant's contention—no part of Appellee's interest in the Property remained in the bankruptcy estate once that interest was properly exempted. And once exempted, Appellee's entire interest in the Property was completely immune from the claims of her individual creditors. *See, e.g.*, *Sumy*, 777 F.2d at 925 (citing *Friedman*, 393 A.2d at 1359).

### B. *Appellee's Exemption Was Extinguished Postpetition*

Appellant contends that the exemption was extinguished upon the death of Appellee's spouse. The Court agrees. The bankruptcy court held that the exemption survived the death of Appellee's spouse, and Appellee advances a similar position in this Court. Admittedly there is some support for this argument, both in the Bankruptcy Code and among federal courts. *See* 11

7

U.S.C. § 522(c) (stating, with certain exceptions not applicable here, that "[u]nless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose . . . before the commencement of the case"); *Owen*, 500 U.S. at 308 (stating that § 522(c) "immunize[s]" exempted property "against liability for prebankruptcy debts"); *Lowe v. Yochem* (*In re Reed*), 184 B.R. 733, 737 (Bankr. W.D. Tex. 1995) (collecting cases and noting that "[t]he majority of courts . . . hold that a postpetition change in the character of property properly claimed as exempt will *not* change the status of that property, relying on the principle that once property is exempt, it is exempt forever and nothing occurring postpetition can change that fact"); *accord White v. Stump*, 266 U.S. 310, 313 (1924).

This is not the law in the Fourth Circuit, however. To the contrary, the Fourth Circuit has expressly held that the postpetition severance of a tenancy by the entireties extinguishes an exemption claimed under § 522(b)(3)(B). *Birney v. Smith (In re Birney)*, 200 F.3d 225, 228 (4th Cir. 1999) (holding that postpetition death of debtor's spouse "extinguished" basis for debtor's § 522(b)(3)(B) exemption); *In re Cordova*, 73 F.3d at 41 (holding that "the post-petition entry of [debtor's] divorce decree within 180 days of the filing of the bankruptcy petition renders the [entireties] exemption inapplicable"). The Court is bound to follow Fourth Circuit precedent that is directly on point, as is the case here. Thus, the Court holds that Appellee's exemption was extinguished upon the postpetition death of her husband. Although the bankruptcy court's decision to the contrary was erroneous, its ultimate conclusion that Appellee's interest in the Property did not reenter the bankruptcy estate was correct.

### C. Appellee's Entireties Interest Did Not Reenter the Bankruptcy Estate

Despite Appellee's valid exemption at the commencement of the case, Appellant contends that the *bankruptcy estate* retained her right of survivorship interest in the Property.

Accordingly, when the tenancy by the entireties was severed by the death of Appellee's spouse, and the exemption was extinguished, the bankruptcy estate acquired sole ownership of the resulting, unencumbered fee simple interest in the Property.  Appellant puts forth two alternative legal theories under which Appellee's interest in the Property reentered the bankruptcy estate upon the death of Apellee's spouse:

1. Under state common law, the bankruptcy estate became the sole owner of a fee simple interest in the Property by operation of law because it held Appellee's right of survivorship from the outset of the case; and

2. Under federal bankruptcy law, Appellee's right of survivorship entered the bankruptcy estate pursuant to § 541(a) at the commencement of the case, therefore this interest in property did not need to be recaptured by the bankruptcy estate following the severance of the tenancy by the entireties and extinguishment of the exemption.

Both of these theories share the same fundamental flaw:  as discussed *supra*, the bankruptcy estate did **not** retain Appellee's right of survivorship.  Rather, this interest revested in Appellee when she claimed an exemption pursuant to § 522(b)(3)(B).  Thus, under state law, Appellee—not her bankruptcy estate—was entitled to sole ownership of the Property upon the severance of the tenancy by the entireties.  Appellant's federal law argument is no more compelling.  Upon the dissolution of the tenancy by the entireties, Appellee in fact acquired a *new* interest in property.  This interest could not have entered the bankruptcy estate via § 541(a) because it did not exist "as of the commencement of the case."  11 U.S.C. § 541(a)(1).  Rather, it must have been captured by the bankruptcy estate pursuant to some statutory mechanism relevant to property interests acquired postpetition.  No such statutory basis exists.

Appellant relies entirely on the Fourth Circuit's decision in *In re Ballard* to support his state law theory of acquisition.  According to Appellant, *In re Ballard* held that following the postpetition death of a debtor's spouse his bankruptcy estate acquired sole ownership of a fee

9

simple interest in the entireties property by operation of state common law. Appellant is correct, but he overlooks multiple critical factors that distinguish this case from *In re Ballard*. First and foremost, the debtor in *In re Ballard* never sought to exempt his interest in the entireties property.[2] This distinction alone makes *In re Ballard* inapposite here. In *In re Ballard*, the debtor's interest in the entireties property—including his right of survivorship—became part of the bankruptcy estate at the commencement of the case, and it remained part of the bankruptcy estate at all relevant times thereafter. Indeed, whether the debtor's interest in the property was *part of his bankruptcy estate*—the question presented here—was not even at issue in *In re Ballard*. Rather, the only dispute was whether the proceeds from the sale of that property could be used to satisfy the debtor's individual creditors, as opposed to solely joint creditors. The Fourth Circuit reached the unsurprising conclusion that they could, because the death of the debtor's spouse had severed the tenancy by the entireties and released the bankruptcy estate from the "restrictions on alienation unique to entireties property." *In re Ballard*, 65 F.3d at 371–72. Here, Appellee's right of survivorship revested in her when she claimed the § 522(b)(3)(B) exemption; therefore, under Maryland common law, she—not her bankruptcy estate—acquired sole ownership of a fee simple interest in the Property upon the death of her spouse. *See, e.g.*, *Bruce v. Dyer*, 524 A.2d 777, 780 (Md. 1987) (noting that under Maryland law spouses who hold

---

[2]     Also of note, the debtor in *In re Ballard* filed a joint petition with his spouse under Chapter 11 of the Bankruptcy Code. This created two separate estates, each with a fee simple interest in the property held as tenants by the entireties. *See, e.g.*, *In re Bunker*, 312 F.3d at 150 (noting that when spouses file jointly, separate bankruptcy estates are created); *see also In re Cordova*, 73 F.3d at 39 n.1 (noting that in a tenancy by the entireties each spouse holds a concurrent fee simple interest in property). In other words, the two estates simply stood in the shoes of the debtor spouses, and the estate of the surviving spouse was entitled to sole ownership in fee simple.

Moreover, Appellee filed her petition under Chapter 7, not Chapter 11. And under Chapter 7, an interest in property acquired postpetition belongs to the debtor by default, and may only be captured by the bankruptcy estate in certain narrow circumstances not present here. *See, e.g.*, *In re Quillen*, 408 B.R. 601, 620 (Bankr. D. Md. 2009), *as amended* (July 9, 2009), *aff'd sub nom. Quillen v. Guttman*, No. CIV. RDB 09-1986, 2010 WL 1416122 (D. Md. Apr. 5, 2010).

10

property as tenants by the entirety "are each seised of the entirety, and the survivor takes the whole" (quoting *Marburg v. Cole*, 49 Md. 402, 411 (Md. 1878))).

Appellant's federal law theory of recapture is no more persuasive. Appellant contends that "[t]he applicable statutory mechanism in this case for the Estate to administer the Property is 11 U.S.C. § 541(a)(1)." Aplt.'s Br. At 19. But, section 541(a)(1) applies *only* to a debtor's interest in property held "as of the *commencement* of the case." 11 U.S.C. § 541(a)(1) (emphasis added). Here, upon the death of her husband, Appellee's entireties interest in the Property ceased to exist and she acquired a new, postpetition "interest" in property for purposes of 11 U.S.C. § 541(a). *In re Cordova*, 73 F.3d at 42 (stating that "the term 'interest' as used in § 541(a) is *significantly broader*" than an "estate in land" (e.g., fee simple) (emphasis added)). In other words, Appellee's *postpetition*, "solely owned fee simple interest is a distinct 'interest in property,'" from her *prepetition* fee simple interest held as a tenant by the entireties.³ *Id.*; *see also In re Birney*, 200 F.3d at 228 (holding that resultant solely owned fee simple interest following severance of tenancy by the entireties constitutes "post-petititon property," which must be "capture[d]" by bankruptcy estate). Thus, Appellee's current interest in the Property could not have entered the bankruptcy estate via § 541(a)(1) because it did not exist "as of the commencement of the case." 11 U.S.C. § 541(a)(1).

Moreover, Appellant does not put forth *any* statutory basis by which the bankruptcy estate could have captured Appellee's *postpetition* interest in the Property, nor can the Court find

---

³ The Fourth Circuit's position that a surviving spouse acquires a new interest in property (for purposes of § 541(a)(1)) upon the severance of a tenancy by the entireties has been questioned by a number of courts. *See, e.g.*, *In re Martin*, 269 B.R. 119, 123 (Bankr. M.D. Pa. 2001) (questioning the reasoning of the Fourth Circuit in *In re Cordova*). *In re Cordova* is still good law in this circuit, however, and its holding is clear: the severance of a tenancy by the entirety bestows the surviving spouse with a new "interest" for purposes of § 541(a), "distinct from the tenancy-by-the-entirety interest that she previously held." 73 F.3d at 42. Even assuming *arguendo* that no new interest was created, Appellant still must point to some statutory mechanism—other than § 541(a)(1)—by which the estate can recapture Appellee's exempted interest in the Property. *See In re Bell*, 225 F.3d at 215 (stating that "after-acquired property includes property that exits the estate and revests in the debtor through the exemption process"). Appellant has failed to present any such basis.

11

any. Generally, "property acquired by the debtor post-petition belongs to the debtor, not to the estate." *Bell v. Bell (In re Bell*, 225 F.3d 203, 216 (2d Cir. 2000); *see* 5 *Collier on Bankruptcy* ¶ 541.02, at 541-11 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("[P]roperty acquired postpetition by an *individual* debtor is usually not property of the estate."). "Such after-acquired property includes property that exits the estate and revests in the debtor through the exemption process." *In re Bell*, 225 F.3d at 215. Because postpetiton property belongs to the debtor by default, "[t]here must . . . be some applicable statutory mechanism by which the estate 'captures' [such] property." *In re Birney*, 200 F.3d at 228 (holding that postpetition termination of entireties exemption due to death of nondebtor spouse "does not, *by itself*, bring the property into the bankruptcy estate" (emphasis added)); *see also In re Bell*, 225 F.3d at 216 ("[P]roperty previously exempted and revested in the debtor must somehow be restored to the estate.").

Although the Bankruptcy Code provides several mechanisms by which a debtor's interest in property acquired postpetition becomes part of the bankruptcy estate, none apply here. For example, under Chapters 11, 12, and 13 of the Bankruptcy Code Congress has expressly provided that postpetition property acquired by an individual debtor becomes property of the bankruptcy estate. *See* 11 U.S.C. § 1115(a) (under Chapter 11, "property of the estate includes, in addition to the property specified in section 541 all property of the kind specified in section 541 that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted . . . ."); 11 U.S.C. § 1207(a) (same for Chapter 12); 11 U.S.C. § 1306(a) (same for Chapter 13); *see, e.g.*, *Carroll v. Logan*, 735 F.3d 147, 150 (4th Cir. 2013) ("Section 1306 broadens the definition of property of the estate *for chapter 13 purposes* to include all property acquired and all earnings from services performed by the debtor after the commencement of the case." (emphasis added) (quoting S. Rep. No. 95–989, at 140–41 (1978))).

12

Chapter 7 (the operative section here), however, does not contain a corresponding postpetition capture provision. *See, e.g.*, *In re Quillen*, 408 B.R. 601, 620 (Bankr. D. Md. 2009), *as amended* (July 9, 2009), *aff'd sub nom. Quillen v. Guttman*, No. CIV. RDB 09-1986, 2010 WL 1416122 (D. Md. Apr. 5, 2010). Additionally, "in limited circumstances the statute allows the estate to 'capture' property acquired by a debtor within 180 days after filing the bankruptcy petition." *In re Birney*, 200 F.3d at 229 ("Only property which falls into the descriptions contained in subsections (A) through (C) [of § 541(a)(5)] is 'captured' by the bankruptcy estate post-petition."); *see* 11 U.S.C. § 541(a)(5). None of these circumstances apply here though; Appellant does not suggest otherwise. *See In re Birney*, 200 F.3d at 229 (holding that "[s]ection 541(a)(5) . . . is inapplicable and does not provide a statutory mechanism for bringing" a surviving spouse's fee simple interest in property previously held as tenancy by the entireties into the bankruptcy estate). Simply put, Appellee's interest in the Property never reentered the bankruptcy estate.

## V. Conclusion

For the foregoing reasons, the Court affirms the order and memorandum entered by the bankruptcy court and holds that Appellee's interest in the Property is not part of her bankruptcy estate and may not be used to satisfy her individual creditors.

DATED this 29th day of August, 2017.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge

13